**R. P. FARNSWORTH & COMPANY, Inc.,**
Appellant,

v.

**GLOBE MARBLE & GRANITE CORP.**
**et al., Appellees.**

**No. 16832.**

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1958.

Neth L. Leachman, Dallas, Tex., Gerald J. Gallinghouse, New Orleans, La., Leachman, Gardere, Akin & Porter, Dallas, Tex., Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

Herbert Marshall, Dallas, Tex., for appellees.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The Contractor sued the Supplier and its Indemnitor-Surety to obtain a declaration that each was liable jointly and severally to make good for the Contractor's threatened losses because of rejection and possible replacement of

granite furnished for use in the new Dallas City Auditorium. The Supplier a New York Corporation, filed a verified supported motion to dismiss for want of jurisdiction over the person of that defendant, Fed.Rules Civ.Proc. rule 12, 28 U.S.C.A. On the hearing this was sustained and is not appealed from. Then, despite a pending motion of the Surety filed by common counsel which amounted to a general appearance of the person of that defendant, the absence either of any valid motion to dismiss for that reason or any supporting proof, the whole thing came crashing down and ended abruptly when the court summarily dismissed the Surety as well.

The Surety attempts an energetic, but heartless, defense of this. The complaint alleged a joint and several liability. Under Texas law, if a several obligation, the obligee may sue the surety and the obligor, or one without the other, Tex.Rev.Civ.Stat.Ann. (Vernon), Art. 1986; if joint, the surety may be sued alone where, as now judicially established, the principal, obligor, is a nonresident and beyond reach of the Court's process. Tex.Rev.Civ.Stat.Ann. (Vernon), Art. 1987. In the event of a trial as to one only, the possible adverse effect on the rights of the absent party is not of that kind which, whether controlled as a matter of Federal jurisprudence unaffected by state procedure or by local state procedure which a Federal Court must follow, see 3 Moore's Federal Practice 2152, 2153; the Cyclopedia of Fed. Procedure (3rd Ed.), Vol. 6, § 21.73, p. 477, would compel a Federal Court to hold that the absent supplier was an indispensable party.

There is no real necessity for two separate, disjointed trials, or the actual probability of divergent results. After all, a surety must envision that the test of its several liability in most instances is that of its obligor and the sufficiency of the obligor's performance of the basic construction or material contract. Indemnity Insurance Co. of North America v. Browning-Ferris Machinery Co., 5 Cir., 227 F.2d 804. The sufficiency of the Supplier's performance can be tried in the action against the Surety in Dallas which is, of course, the situs of the actual controversy and presumably the location of most witnesses. The trial would therefore serve a useful function and resolve the basic conflict between the Supplier and the Contractor. It would terminate the uncertainty or controversy giving rise to the proceedings.

Nor may a contention based on this that the trial court in a declaratory judgment action may have a discretion beyond the scope of the procedural rule in orthodox actions on necessary or indispensable parties amount to a transfusion to give this expiring summary disposition a hope of survival. The short of the matter is that there was nothing in this record to warrant any such discretion, there was no indication that it was exercised, and it is positive that if exercised, it was done without that essential ingredient of an adversary judicial system—the right and opportunity of counsel to be heard.

Reversed.